CAPE ANN ISINGLASS & GLUE CO. (MANNING v.). See Case No. 9,041.

## Case No. 2,390.

CAPE GIRARDEAU & S. L. R. R. v. WINSTON et al.

[4 Cent. Law J. 127.] [1]

Circuit Court, E. D. Missouri. Jan., 1877.

PETITION FOR REMOVAL—TRUST DEED—NECESSARY PARTIES — EFFECT OF ACT OF 1875—CONSTITUTIONALITY OF ACT OF 1866.

1. In a suit brought in a state court by the plaintiff corporation to set aside a deed of trust, made by its officers and another corporation of the same state, a removal of the cause to the United States court was sought by the surviving trustee in the deed of trust and one of the bondholders under it. *Held* that, the latter corporation being a necessary party, and no final or effectual determination of the case made by the bill being possible without its presence, the petitioners could not have the cause removed un-

[1] [Reprinted by permission.]

der the act of 1866 (Rev. St. § 693, cl. 2), as to them.

[Cited in Donohoe v. Mariposa Land Co., Case No. 3,989; Steinkuhl v. York, Id. 13,356.]

2. Per Treat, J.: That part of the act of 1866 embraced in clause 2 of section 639, Rev. St., is repealed by the act of March 3, 1875, or if this be not so, these provisions of the act must be *held* to be unconstitutional.

Motion to remand to the Cape Girardeau circuit court.

This cause was instituted in the Cape Girardeau circuit court, to declare a mortgage void, so far as the property of the Cape Girardeau and State Line R. R. is concerned, being a road-bed situate in the counties of Cape Girardeau, Bollinger and Stoddard; and to remove the cloud upon the title of said company occasioned by the mortgage. The petition substantially sets out that the president of the Cape Girardeau and State Line R. R., by authority of the directors of the company merely, without any authority therefor conferred either by the charter or the general laws of the state, and without being thereto authorized by a vote of the stockholders of the company, joined with another corporation, namely, the Illinois, Missouri and Texas Railway Company, in the execution of a mortgage to secure $1,500,000 of the first-mortgage bonds of said last-named company, and which had and were to be issued by said last-named company from time to time, and which mortgage was made to said Frederick Winston and one David Hoadley, who has since departed this life. Winston is made a defendant to the bill of the Cape Girardeau and State Line R. R.; so also the Illinois, Missouri and Texas Railway Company; and also William J. Alt, a bondholder of some of the bonds issued by the last-named company, and numerous other known holders of said bonds, as well as all the unknown bondholders. In the Cape Girardeau circuit court, Winston and Alt made a motion to remove this cause to this court, and it has, accordingly, been docketed here. The plaintiff now moves the court to remand the cause to the Cape Girardeau circuit court.

Louis Houck, for motion.
Hitchcock, Lubke & Player, contra.

Before DILLON, Circuit Judge, and TREAT, District Judge.

TREAT, District Judge. This cause was removed into this court by Frederick S. Winston and William J. Alt. Plaintiff brought suit against the Illinois, Missouri and Texas Railway; also the trustees under the deed of trust named (Winston being the surviving trustee), and several corporations and individuals alleged to be holders of bonds secured by a deed of trust executed by the defendant corporation, to-wit: the Illinois and Texas Railway Company, upon the property of the plaintiff, pursuant to the alleged con-

tracts and other writings obligatory in the petition set out and referred to. The said cause was removed by Winston and Alt, on the hypothesis that the act of 1866, that is, the second clause of section 639, of the Revised Statutes of the United States, governed their rights, and that they were within its terms. It is apparent that, if the act of 1866, in the respect named, is still in force, the controversy, so far as it concerns said Winston, who is the trustee, can not be determined without the presence of the grantor in the deed—which deed is sought to be invalidated—nor can the case be determined as to the rights of Alt, who is one of the many bondholders secured by the deed of trust. Therefore, if the motion is to be controlled by the act of 1866, the cause must be remanded. If this be not correct, it becomes necessary to decide whether the act of 1875 (18 Stat. 470) repeals the act of 1866, as reproduced in clause 2, section 639, of the Revised Statutes. Section 10 of the act of 1875, declares that "all acts and parts of acts in conflict with the provisions of this act are hereby repealed." Section 2 of the act of 1875 declares that "when, in any suit mentioned in this section, there shall be a controversy wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit," etc. If the purpose of this act (1875) was to restore what, obviously, is the constitutional limit of the jurisdiction of United States courts, by confining them to controversies which are wholly between citizens of different states, then the act of 1866 is repealed.

The strange anomaly presented by the act of 1866, whereby suits were "split," leaving one portion to be tried in a United States court, and the other in a state court, it may have been designed by the act of 1875 to remove from the statute-book. It will be observed that section 2 of the act of 1875 contemplates, as does section 1 of the same act, that the controversy must be "wholly" between citizens of different states. Under repeated decisions of the United States supreme court, prior to the act of 1866, all of the parties, plaintiff and defendant, had to fall within the provisions of the act of 1789. If the act of 1866 was constitutional, the strange result followed that, where a United States circuit court had no original jurisdiction, and could have none constitutionally, from the joinder of parties, it could acquire jurisdiction, despite the status of the parties, by removal from a state court. The constitution contemplated, as frequently decided, that the party plaintiff and the party defendant, whether including one or many persons, should be citizens of different states. How, then, consistent with its requirements, could a suit instituted in the state court, which, as there instituted, would be beyond

federal jurisdiction, be removable into a United States court by changing the suit, through the splitting process, into two suits? If this were allowable, then fragments of suits would be substituted for entire suits, and, through a strange process, the United States courts would obtain jurisdiction of fragments where they had none of the suit itself. Hence the conclusion is: First, that this case does not fall within the terms even of the act of 1866; second, the act of 1866, in the respects named, is repealed by the act of 1875; third, if neither of the foregoing propositions is correct, those peculiar provisions of the act of 1866 must be held to be unconstitutional and void.

DILLON, Circuit Judge. I concur in the result of the foregoing opinion, for reasons which I proceed briefly to state.

Two only of the many defendants united in the petition to remove the cause. The removal was sought under the act of 1866 (Rev. St. § 639, cl. 2), the petition for the removal being filed at the September term, 1876, of the state court. The petition only sought to remove the cause so far as it related to the two defendants, Winston and Alt, and the state court only ordered the cause as to them to be transferred to this court. As to all the other defendants, it still remains in the state court. Winston, as surviving trustee in the deed of trust, represents all the bondholders, including Alt. A deed of trust was made, purporting to be executed by the plaintiff corporation and one of the defendant corporations, viz.: the Illinois, Missouri and Texas Railway Company, both Missouri corporations, upon property which the plaintiff's bill claims to belong to it, to secure bonds executed by the said Illinois, Missouri and Texas Railway Company. The bill alleges that the said deed of trust, for want of authority in the plaintiff's officers to execute it, and for other reasons, did not bind the plaintiff corporation, and is ineffectual to convey its property or create a lien upon it; and the prayer of the bill is that the deed of trust be declared void, so far as it covers the property of the plaintiff (which would seem to be the main security), and that the bondholders under the deed of trust be declared to have no lien upon the said property, and for general relief.

It seems to be too plain to admit of any doubt that, to the bill to annul the deed of trust, the two companies which executed it as grantors are necessary parties. The Illinois, Missouri and Texas Railway Company executed the bonds, and it appears from the bill that this company, by reason of the contracts and conveyances therein set forth, had, or claimed to have, an interest in the property conveyed by the deed of trust. No effectual decree could be made, such as the bill seeks, without the presence of the Illinois, Missouri and Texas Railway Company. Now, no attempt was made to transfer the

cause, so far as it concerned the company last named. The plaintiff corporation has the right to an adjudication of the case made by its bill. The bill was properly constructed, and contained the parties necessary to secure the relief sought. To the determination of the case made by the bill, the Illinois, Missouri and Texas Railway Company was a necessary party, and there can be no final or effectual determination of the case made by the bill without the presence of that company. If the attempted removal of part of the case here were sustained, this court might decree the deed of trust invalid; and the state court, on the part of the case remaining there, might make a decree precisely the other way; and to both decrees the plaintiff would be a party.

I am of opinion that the case made by the petition for the removal is not one which is embraced within the act of 1866, as it is embodied in section 639, cl. 2, of the Revised Statutes. It is not, therefore, necessary for me to give any opinion whether the second clause of section 639 is repealed by the act of March 3. 1875, or, if not thus repealed, whether it is in conflict with the provisions of the federal constitution, which limits the extent of the jurisdiction of the courts of the United States. The motion to remand must be allowed. Motion sustained.